IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY A. RODRIGUEZ, ) | |
|     Petitioner, ) | Civil Action No. 7:20cv308 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN JASON C. STREEVAL, ) | By: Norman K. Moon |
|     Respondent. ) | Senior United States District Judge |

Petitioner Danny A. Rodriguez, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he states that he is challenging the June 2016 amended judgment in Criminal Action No. 1:94-cr-00402, in the United States District Court for the Southern District of Florida, which was imposed after a prior successful § 2255 petition. He argues that the amended judgment was invalid because it was imposed by a judge who should have been recused and harbored actual bias against him. Because I conclude that he cannot satisfy the requirements for proceeding under § 2241, I will dismiss his petition for lack of jurisdiction.

## I. BACKGROUND

Rodriguez was indicted in August 1994 on four charges, in *United States v. Rodriguez*, No. 1:94-cr-00402, in the Southern District of Florida ("*Rodriguez*"). Because a victim of the incidents that gave rise to his charges was a judge of the Southern District of Florida, the acting chief judge entered an order recusing all district judges in the district from participation in the matter, and a similar order was later entered as to all magistrate judges of the court. *Rodriguez*, ECF No. 10, 38. A judge from the Northern District of Alabama was then appointed, and he presided over the pretrial and trial proceedings and sentenced Rodriguez.

Rodriguez's case was tried before a jury, and he was convicted of two counts of being a felon-in-possession and acquitted of other related conduct. In April 1995, the court sentenced

him to 272 months on each count, to run concurrently, to be followed by a five-year term of supervised release. *Id.*, ECF No. 140.

As relevant here,[1] the next event in Rodriguez's case occurred on August 3, 2015, when Rodriguez filed a timely motion to vacate under 28 U.S.C. § 2255. *Id.*, ECF No. 196; *see also Rodriguez v. United States*, No. 1:15-cv-22901 (S.D. Fla.) (related civil case). In it, he sought relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015). On June 29, 2016, U.S. District Judge Jose E. Martinez adopted the report and recommendation prepared by U.S. Magistrate Judge Patrick A. White, and granted Rodriguez's § 2255 motion. *Rodriguez*, ECF Nos. 200, 202. Consistent with the parties' agreement, Judge Martinez entered an amended judgment imposing a 120-month sentence on each count (the statutory maximum), to run concurrently, followed by three years of supervised release. *Id.*, ECF No. 201. As a result, Rodriguez was eligible for immediate release. Both Martinez and White were judges of the Southern District of Florida, but Rodriguez alleges that he did not know that fact at the time; he had assumed that they had been appointed to his case from another court, like his trial judge.

Thereafter, while on supervised release, Rodriguez was convicted of a new offense. This led to the revocation of his supervised release term and a 37-month revocation sentence in this case, which was imposed by Judge Martinez on April 11, 2018. *Rodriguez*, ECF Nos. 212–13, 221 (transcript of proceedings). (*See also* Pet. Ex. 8, Dkt. No. 1-1 at 33–41 (transcript).) At some point after that sentence was imposed, Rodriguez learned for the first time that Martinez was a judge of the Southern District of Florida.

---

[1] Other intervening events included: the filing and subsequent dismissal of motions that were construed as new § 2255 proceedings, but without giving the notice required by *Castro v. United States,* 540 U.S. 375 (2003); the denial of a motion to reduce sentence; and the dismissal and subsequent reinstatement of an appeal from that denial. *See generally Rodriguez*, ECF Nos. 142–95; *see also Rodriguez v. United States*, No. 15-cv-22901, ECF No. 50 (S.D. Fla. June 23, 2016) (Report and Recommendation setting forth procedural background of case).

In his current petition, Rodriguez claims that Judges Martinez and White should not have participated in his prior § 2255 proceedings, and that Judge Martinez should not have been permitted to impose the June 2016 amended judgment. He appears to be claiming that this renders his conviction and resulting sentence invalid. The only relief he seeks is for his "conviction" to be vacated (Pet. 9, Dkt. No. 1), although it appears that he also may be challenging the sentence, or at least its collateral effects. He also discusses Judge Martinez's 2018 revocation sentence, but he does not state that he is challenging that here. Moreover, he has already filed, by and through counsel, a § 2255 motion in the Southern District of Florida challenging the revocation sentence, and that motion remains pending before that court. *Rodriguez*, ECF No. 224; *see also Rodriguez v. United States*, No. 1:19-cv -23867 (S.D. Fla.) (related civil case).

Upon review of Rodriguez's § 2241 petition, I find that he has failed to demonstrate that he is entitled to proceed under § 2241. Therefore, I will dismiss his petition.[2]

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

---

[2] In light of this conclusion, I do not address the issue of whether Rodriguez is "in custody" pursuant to the conviction he is challenging.

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[4]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).[5] These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test for the district court to have jurisdiction to evaluate the merits of his claims. *See United States v. Wheeler*, 866 F.3d 415, 423–26 (4th Cir. 2018).

Rodriguez's petition does not identify *any* change in substantive law sufficient to satisfy *In re Jones*, let alone one that renders the conduct for which he was convicted no longer criminal. He merely claims that, because he was resentenced by a Southern District of Florida judge, as opposed to a judge not subject to recusal, the June 2016 amended judgment is invalid. Accordingly, I find that Rodriguez fails to meet the *In re Jones* standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction, and his claims cannot be addressed under § 2241.

The only argument Rodriguez makes as to why § 2255 is inadequate or ineffective for him to challenge his conviction is that he cannot file a § 2255 motion because it would be

---

[4] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

[5] The standard is slightly different where a petitioner argues that § 2255 is inadequate or ineffective to test the legality of his sentence, as opposed to his conviction. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Regardless, if Rodriguez's petition were construed as challenging his sentence, he cannot satisfy the requirements set forth in *Wheeler*, either.

untimely. He may well be right about the untimeliness of any § 2255 motion,[6] but that does not render § 2255 inadequate or ineffective. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *see also Rice*, 617 F.3d 802, 810 (citing *Vial*, 115 F.3d at 1194 n.5)).

### III.  CONCLUSION

For the reasons stated herein, Rodriguez cannot proceed under § 2241 and his petition must be dismissed.[7] An appropriate order will be entered.

**ENTER**: This  4th  day of June, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Any § 2255 motion filed now would almost certainly be untimely as to his 2016 amended judgment, absent the application of equitable tolling. The limitations period for § 2255 motions is one year, and it runs from the latest of four dates, including: "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Rodriguez, however, had *actual* knowledge of the relevant facts more than a year before he filed this petition. That is, he knew that his 2016 sentence was imposed by a Southern District of Florida judge at least as of March 20, 2019, when he signed a petition for writ of mandamus raising the issue. *In re Rodriguez*, No. 19-11081 (11th Cir.) (petition signed March 20, 2019 and filed March 22, 2019); *see also* Pet. 6. Had his § 2241 petition in this case been a § 2255 motion, it still was not signed within one-year limitations period; it was signed on May 26, 2020.

[7] I decline to construe Rodriguez's motion as a § 2255 motion or to transfer it to the Southern District of Florida, where such a motion must be filed. *See* § 2255(a); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Because any such petition is likely time-barred, *see supra* note 6, transfer to the sentencing court would not be in the interests of justice or judicial economy.

5